Thank you, Your Honor. Mark Weintraub on behalf of the petitioner, Mr. Snodgrass, from the Federal Defender Office in Eugene. The question presented here is, should we be allowed to prove in the district court that PCR counsel was ineffective because he failed to pursue claims that would have shown a violation of our client's right to effective assistance of counsel in the original trial? Counsel, can you sort out for me which claims we're talking about, and let me just see if I have it right. I have five claims as having been raised in this case. And if I could, I'd like to narrow that down. Yeah, please. There's really just two that I'd like to talk about this morning, and I think it would be helpful to the Court if we do narrow it down to those two claims to start. Specifically, we're asking the Court to remand the district court under Martinez v. Ryan because PCR counsel was ineffective principally on two grounds. Those are, one, that trial counsel failed to investigate or call any expert medical witness. Okay. Now, as to that claim, was that even raised in your original Federal habeas petition? It is. Because the original Federal habeas petition alleges that counsel failed to properly prepare for trial, both by failing to conduct a sufficient investigation to present a defense, and it includes the fact that counsel failed to call Dr. Patti, it was alleged. But was there anything in the record to suggest that there were other medical professionals available? Yes, there are. Testify to DID? First of all, there is the general allegation regarding the failure to investigate critical witnesses, which is in the formal petition. Attached to the formal petition is Petitioner's Pro Se Exhibit, which was his own list of witnesses that he had submitted to the Oregon Court of Appeals. And in that, he listed a number of medical experts whose opinion could have been relied upon but weren't. So the issue is raised. Now, it wasn't litigated in the district court because Martinez hadn't been decided yet, and it was clearly defaulted. We're not arguing that it wasn't. We just want to get back to the district court. No, my question was whether it was raised in this habeas proceeding. Our position is it was raised, both generally and specifically, and therefore it's not time-barred, as the State alleges. Why is it a substantial claim, which it must be, to survive under Martinez? First of all, we have not had a chance to flesh out the claim and litigate the underlying factual basis for it. But don't you have to make a showing under Martinez to get around the default? We do, but our position here is that we make that showing in the district court. And all we are asking the court to do here is remand back to the district court, just as the en banc court did in Dietrich, for proceedings before the district court to flesh out the record. Well, Dietrich is a strange one, but let me just try to understand this. The Supreme Court has given a little window through Martinez. It needs to be explored exactly what it means. But one thing it seems to mean for sure is that you're looking at things in the Martinez sense at the time that you're at, you're on appeal, and you have to make a showing. You can't say, well, I don't have to make a showing because I'm going to go to the district court and there I'm going to make a showing. Then you've just got a, you know, a circular argument. My understanding is you have to make a showing now as to what would be proven to proffer, if you will. What is that proffer in this particular case? Well, let me answer the question with two points. First, that the ‑‑ I understand the language used in Martinez, the narrow, narrow window, but that's not the test. That's a description. It's not a legal test. Martinez did set forth a legal test, and that test is, is it a substantial issue, which means does it have merit, which the Court explained is the same as the standard for a certificate of appealability that this Court has already granted. Now ‑‑ So you're saying that, you're saying all that Martinez requires is the same standard as is necessary to get a certificate of appealability on a particular matter? For the initial showing of cause, that's all. For the initial showing of cause. What about prejudice? Martinez didn't address prejudice, and that's an interesting question, which I'd like to come back to in a second. Mark, can you identify first for me what your second claim is? I'm going to finish answering your question first. Okay. Which is the second issue, and that is that the trial attorney opened the door to extremely, egregiously prejudicial redirect of the alleged victim. And that was, that was his prior sex abuse conviction. I want to ‑‑ Wasn't that claim exhausted? No, it wasn't. And I, the State's trying to have it both ways on that, but let's look at the record there. The original, the original PCR petition alleged one specific thing. It said it alleged ineffective assistance of trial counsel while failing to object to the State's introduction of ‑‑ Exactly. ‑‑exact addresses prior bad acts, which I assume was because of the opening of the door. Yes. But the only allegation in the PCR petition was failure to object to admission of the prior bad act. And the problem with that is that counsel did object. But in this case, didn't the district court treat that claim as exhausted? No. The district court found that the, that the issue had been defaulted. As to, as to the prior bad acts? See, I don't, I'm having trouble finding that. Yeah. Show me where the allegation is in your habeas complaint that relates to that specifically. It's, it's quite specific, and it's quite different from the PCR petition. In the habeas petition, we alleged that trial counsel failed to adequately cross-examine the alleged victim. Now, that's different from the issue that was raised in the PCR petition. It's not something that was litigated in the State court. It's not something that the trial attorney ‑‑ That's a very general allegation that failed to adequately cross‑examine.  Well, that's correct, but then I want to come back to the other point, which is that we have never had a chance to address this in the district court. Judgment in the district court was entered a month before Martinez was decided. Now, the court mentioned Dietrich as an interesting decision. It is interesting, but still, it's an en banc decision, and it's an en banc decision in the sense that there is a clear majority that agreed, and partly even the dissent agreed on these three points. One is that remand to the district court was required. The majority of the en banc court agreed. But there was a proffer. There was some evidence as to what was the substantial thing, right? As we have done here. Just a proffer. See, that's what I'm struggling with. I'm wondering what your proffer is. What is substantial about this? In the two and a half minutes I have left, I'll try to address that. But there were two other points that Dietrich agreed on. One was that Martinez applied, even though there were some claims that had been raised in the PCR court. Now, the State has argued in its brief that that's not the case, that because some claims were raised in PCR, it's different from Martinez, and therefore we shouldn't get to go back. But Dietrich found to the contrary. Dietrich sent the case back to the district court, even though some claims had been raised in PCR. Third, that there was a post-judgment Martinez claim recognized, the same procedural posture as here, that the Martinez issue was not raised in Dietrich until after judgment had been entered in the district court. Let's go back to the substantiality issue, if you would. And with respect to not calling additional experts, the issue, the PCR court at least did not call additional experts. They did not call additional experts. They litigated the issue about Dr. Patty. And as to Dr. Patty, the trial counsel said, I consulted with Dr. Patty and I was told by Dr. Patty that medical testimony would not be useful in this case. That's not what he said. With all due respect, he said that Dr. Patty's. I'm quoting now, would not be helpful. He said that Dr. Patty's testimony would not be helpful. Okay. After determining that the one expert's testimony would not be helpful, is it one of the things that concerns me about Martinez is the endless ability to say, well, that's not exactly what I argued in the trial court. I've now thought of a new argument. Why isn't that close enough? That's the position the State takes in every case in which procedural default occurs. I understand. And the position the defendant takes in every case is that it's infinitely expandable. So my question is, where's the dividing line? Let me address the question about what the proffer was, because we've made that proffer in our brief. As to the medical issue, first of all, the trial attorney did nothing other than talk to the doctor that his own client suggested. He did no independent investigation. Now, if he had, we have shown that there was a lot out there in the mid-1990s. This Court, in particular, disapproved of multiple personality or DID. Do you have a proffer from any doctor who would say, if called to testify, I would say something? No, because we never had a chance to make that showing. We have never been in a procedural situation in which we could introduce evidence. Well, but I guess I'm – and I know your time's running out. Yeah. But bear with me here. Judge Smith said to you, you know, what would you show? Do you have an obligation to make a proffer to us? And you said, no, I have an obligation to make one to the district court. But I guess my question is, are we now just giving you more time to go find a proffer to make to the district court, or do you have a proffer? The proffer we made here, it's in pages 26 and 27 of our brief, is that there was an expert witness called by the U.S. Government in Federal Court in Eugene a year before this trial to take issue with the DID diagnosis. There were two trials in the next-door State of Washington. But I'm asking something specific. Have you talked to any of those experts and have them said, if called to testify in this case, this is what I would say? We've never been in a position to do that. But we do know that the government has offered evidence contemporaneous with the trial in this case. But the court said, no, I have an obligation to make a proffer to the district court, but I guess my question is, are we now just giving you more time to go find   court? That's where the focus was in the district court. We did not know at that time that there was another way to get past a procedural default. Much to be flushed out, right? We've raised that in a timely fashion here. Dietrich says that the appropriate remedy is a remand to the district court so that we can make the record that we couldn't make before. Okay. Thank you very much. Let's hear from the government. May it please the Court. Carolyn Alexander for Respondent. Rick Angelozzi. I'd like to start by addressing the two claims that counsel has winnowed down for the purpose of this argument, the first issue being the expert. In fact, Petitioner didn't raise that claim in his Federal habeas petition. In the pro se document that he attached to his brief in the court of appeals, he specifically mentions Dr. Patti. He also mentions Dr. Goldman, and this is on ER-16. On ER-17, regarding Dr. Goldman, he says, He would have stated that I had expressive aphasia and could not testify in my own defense. So the second medical expert claim was never raised in Federal habeas. Why shouldn't we? This is we're in a strange position here. Martinez comes after the district court's decision that the district court finds most of these claims defaulted. I think it rejects some on the merits, but I'm not quite sure, given counsel's now making whether those are the precise ones he rejected on the merits, why don't we just send it back to the district court and have the district court make a record for us on this, and then we can conduct an effective review? And I do want to address that question, Your Honor. Thank you for asking. I think it goes to what weight Detrick has. Needless to say, that was, as Judge Smith mentioned, that's an odd opinion. It's a very fractured opinion. Absolutely, Your Honor. And so then we come to the factual difference in Detrick and this case. In Detrick and this Court's case in Sexton v. Cosner recently. So in Detrick, death penalty capital petitioner raises a bunch of new claims. These claims had not been developed, had not been raised. There was no evidentiary record whatsoever in State court. How do you reconcile Penholster with Detrick? Penholster says if you don't have facts that or rather if you have facts that weren't developed in State court, you're out of luck. You can't even get a hearing in the district court. I know about that case. And, you know, it shocked people because it said, well, what do you do about Schlupf? What do you do about Brady? What do you do about Nepu? I can't reconcile Detrick with Penholster in this sense. I appreciate any help you might give because this seems to be an invitation to take what would otherwise have been defaulted or a procedural decision or a strategic decision on the part of counsel, allowing the petitioners to basically retry their case with evidence that they will conjure well after the fact. Is that your understanding of what's happening in this case or something like it? That is my understanding of what's being asked for in this case, and I think that's a very tough question for this Court. And this Court has struggled with it. For example, in Gonzalez v. Wong, the Court struggled with it. We don't need to resolve it here, though, do we? Part of my problem is that what we do is we review district court decisions. And the issues that we're being asked to resolve in this case were never issues posed to the district court. I mean, I think I can – I think I could easily find in this case that as to the issues the district court reached, it should be affirmed. But I don't hear counsel pushing those very hard today. He's pushing claims that he says were never raised in the PCR and the district court regarded as defaulted. So – But then you get back to Penholster. Yeah. I don't know what he has to show to get past the bar. No one knows right now. But shouldn't we at least let him go back to the district court and attempt to argue that? To put it this way, Your Honor, I think it's a can of worms. When the question is who opens it first. When we've got – when we've got a fully developed record like this, like we had in Sexton v. Cosner, I think we open the door to bigger problems, big Penholster problems, when we send it back to district court and let a Petitioner, like this claims that he didn't get any traction with in the State court, he raises better versions of the same claims and asks for a do-over. I think that that's a problem. Well, there was. To resolve these claims, Your Honor, I believe there was. And I can get specifically to those questions in a minute. But in terms of, you know, evidentiary development, again, I don't think Petitioners on a full evidentiary record are entitled to a do-over. You know, in the unusual circumstance as in Detrick where you've got a capital claim and you've got a Petitioner with brand-new claims and can make a substantial – a showing of a substantial claim, maybe it is warranted in that case. But I don't believe that substantial claim is the same standard as a certificate of appealability. That's not what the U.S. Supreme Court said. That's not what this Court has said. But we don't feel bound by certificates of appealability in general. I mean, they're a very preliminary determination. Yes. It's a very low bar compared to what you have to show under Martinez, which is ineffectiveness of post-conviction counsel and trial counsel. Can we get back to Judge Smith's question? Because this one bothers me, too, and I don't know the answer to it. Let's assume that part of your showing of cause and prejudice has to be that counsel fell below a Strickland standard. How do you do that, given Penholster? Well, again, that's a question I don't think we need to answer here, because I think the record answers the question in this case. For example, the cross-examination claim, the failure to cross-examine the victim. As Judge Proulx points out, I don't think that's exactly the claim they're making. He cross-examined the victim. The problem, or the alleged problem, is that that opened the door to evidence that it is conviction. The prior bad acts. Exactly. Exactly. And how specific does the claim have to be? This is not like notice pleading, is it, in an AEDPA setting. You've got to be very specific. Correction. And learned counsel for the Petitioner here has made a very, very general allegation I don't fault him for that, because that's usually appropriate here. But I think there's nothing about this, Doctor. There's nothing specifically about a proffer that would be made that would put the thing in conflict, so far as I can tell. Is that necessary, or does Martinez, coupled with Dietrich, enter a new, brave new world where we have an entirely different pleading regimen? No, Your Honor, I don't think that we do. I think that in Federal habeas, you do have to allege your claims with specificity, and you are only entitled to a review of those claims you exhausted in State court absent exceptions like Martinez. So there's not the – Martinez is not, from your perspective, an invitation to go fishing and see what you can find when you get back to the district court. Exactly. So how would they meet Martinez's requirements in a case like this? Let's – let me just play with their facts for a second. And let's assume this is all alleged in the petition, which may be a charitable assumption. But let's assume the defendant says, there was another doctor out there who could have supported my defense. He was well known in the community. My lawyer never even interviewed him. That's his allegation. None of that's in the record, of course, in the State court record. Correct. How does he – that seems to me like the kind of Martinez claim that we might want to entertain. How does he pursue that claim in the district court? Well, I think, as we've already explored, I think there does have to be a proffer. So – and an adequate one. But he couldn't have made a proffer in this case because Martinez came after the – after the district court's then-correct holding that these claims were procedurally defaulted. Well, correct, Your Honor. But he certainly could have said in his opening brief, there is Dr. X. We have talked to him. We know that he would have been available at trial. So what was the proffer, or what was the record before the State court on the first post-conviction petition? Regarding the expert? Only that Petitioner himself insisted on raising a claim that trial counsel should have called Dr. Patty. Trial counsel then said, I talked to him. We explored this issue. His opinion was not helpful. Anything to add to that? No. And we all know that claim was defaulted. But – and I know there's a dispute about whether or not a broader claim was made below. We'll have to just look at the record on that. But assume that it was made, I'm still not clear how one would – how one would make a proffer on that. If you came in with an affidavit from a doctor that said, gee, I've now examined this guy and he's crazy, he's a loon, wouldn't Penholster bar that? Yes. I guess I'm where Judge Smith is. Yes. I'm still trying to figure out how these – we reconcile these two – these two Supreme Court decisions. The metaphysics of AEDPA. That is what it comes down to, Your Honor. I see my time is up. Are there more questions? Judge Smith, can I ask one question of counsel for the defendant? Yeah, sure. I just want to make sure I understand. I don't think you need your book because this is a really simple question. Are you limiting your claims now to those two or are they the only two that you wanted to argue today? Those are the only two I wanted to argue today. Can I answer the question about Penholster? Yeah, very quickly. Yes, sure. As Dietrich answers the question, and I'll just quote one sentence from Dietrich. Okay. Martinez would be a dead letter if a prisoner's only opportunity to develop the factual record in his State PCR counsel's ineffectiveness – of his ineffectiveness had been in State PCR proceedings where the same ineffective counsel represented him. Dietrich said that Penholster does not borrow the new evidence here. Well, Dietrich is our opinion. It's not the Supreme Court's opinion. Penholster is a Supreme Court opinion. It's an en banc opinion. I understand. The en banc of the Ninth Circuit does not equal the Supreme Court. Thank you. In any event, thank you both for your argument. We appreciate it. The case just argued is submitted.
judges: Pro, Smith, Hurwitz